[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12690
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00303-EAK-AEP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIANO FABRICIO PALMA-MEZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Emiliano Palma-Meza appeals his total 135-month sentence of imprisonment, imposed after pleading guilty to offenses involving drug trafficking in international waters. *See* 46 U.S.C. § 70503(a). On appeal, Palma-Meza argues that the district court erred by failing to apply a two-level reduction in his offense level for his mitigating role as a minor participant, pursuant to U.S.S.G. § 3B1.2(b). After careful review, we affirm.

Palma-Meza was a crewmember on a "go-fast" vessel transporting at least 480 kilograms of cocaine that was intercepted by United States law enforcement in international waters approximately 223 nautical miles south of the Guatemala-El Salvador border. The go-fast vessel had three crewmembers: Jonathon Israel Mero-Mero, the master of the ship; Sherwin Harlan Ebanks, the "load guard" and representative of the parties receiving the cocaine shipment; and Palma-Meza, the "mariner." As the mariner, Palma-Meza was responsible primarily for changing the fuel supply lines and driving the vessel while the master rested. All three crewmembers assisted in jettisoning the cocaine at the approach of law enforcement.

Claiming that he was less culpable than Mero-Mero and Ebanks, Palma-Meza moved for a minor-role sentencing reduction under U.S.S.G. § 3B1.2. Palma-Meza asserted that he qualified for a minor-role reduction for several reasons: (1) as a mariner, he had little or no understanding of the scope and

2

structure of the overarching criminal activity; (2) he had not planned or organized the smuggling activity; (3) he had no decision-making authority in the venture; (4) he had assisted only with the maritime transportation of the cocaine; and (5) he had no proprietary interest in the cocaine and stood to make a small fraction (between $3,000 and $15,000) of the street value of the cocaine (approximately $17 million). Palma-Meza specifically relied on Amendment 794 to the Sentencing Guidelines, a clarifying amendment that recently added commentary guidance for evaluating whether a defendant is entitled to a mitigating-role reduction.

The district court denied Palma-Meza's request for a minor-role reduction, citing the quantity of cocaine involved, the vessel's small crew size, and Palma-Meza's intelligence, education, and work experience. The court noted that the Sentencing Commission's motivation to implement Amendment 794 was not focused on the unique issues presented in the international drug-smuggling cases brought in the Middle District of Florida. The court continued,

> And the acquisition and interception of serious quantities of cocaine they were able to recover—we don't know how much sank—but they were able to recover 12 packages, which totals 480 kilograms. That's not insignificant.
>
> And there's no question that in this situation, the role participation of this defendant in a three-person go-fast boat certainly placed him in a likely position of doing most everything on board that vessel.
>
> He also displayed intelligence based upon his record, and he could have said no when it came time to going on board. He really didn't need to go. He's got a lot of occupational assets for a 28-year-old

3

person.  An Ecuadorian with a history of education and occupations that he had.

No.  The defendant's objection is totally overruled.

The district court sentenced Palma-Meza to 135 months of imprisonment, at the low end of his advisory guideline range.  Palma-Meza appeals the denial of a minor-role reduction.

We review a district court's denial of a role reduction for clear error.  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).  Review for clear error is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been made.  *Id.*  The district court's choice between two permissible views of the evidence will rarely constitute clear error, so long as the basis of the trial court's decision is supported by the record, and the court did not misapply a rule of law.  *Id.*  "The defendant bears the burden of establishing his minor role in the offense by a preponderance of the evidence."  *Id.*

Under § 3B1.2(b), a defendant is entitled to a two-level decrease in his offense level if he was a minor participant in the criminal activity.  U.S.S.G § 3B1.2(b).  A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  *Id.* § 3B1.2, cmt. n.5.  The determination of whether to apply a

mitigating-role adjustment "is heavily dependent upon the facts of the particular case." *Id.*, cmt. n.3(C).

In *United States v. De Varon*, we instructed that, in determining whether to grant a minor-role reduction, the district court should consider two principles: first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and, second, his role as compared to that of other participants in the relevant conduct. 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*). Under the first principle, the district court must measure the defendant's role against all of the relevant conduct that was attributed to him, as some defendants may be held accountable for conduct that is broader than their individual, specific acts. *Id.* at 940–41, 944. Regarding the second principle, the district court should look to other participants who are identifiable or discernible from the evidence and who were involved in the conduct attributed to the defendant. *Id.* at 944. However, the fact that a defendant's role is less than other participants' roles in the relevant conduct may not be dispositive because it is possible that none of them are minor or minimal participants. *Id.*

In *De Varon*, we stated that a defendant's status as a drug courier is not dispositive in determining whether that defendant is entitled to a minor-role reduction, but the drug quantity for which the courier is responsible is a "material

5

consideration." *Id.* at 942–43.  We also provided factors that a district court should consider, stating,

> In the drug courier context, examples of some relevant factual considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution.  This is not an exhaustive list, nor does it suggest that any one factor is more important than another.

*Id.* at 945.  Further, we noted that we would not foreclose the possibility that, in some circumstances, the drug quantity alone may be dispositive.  *Id.* at 943.

Amendment 794, which went into effect on November 1, 2015, added guidance to § 3B2.1's commentary relating to mitigating-role reductions.  The Sentencing Commission explained that Amendment 794 was promulgated in response to a study that found that the "mitigating role [guideline] [was] applied inconsistently and more sparingly than the Commission intended."  U.S.S.G. Supp. to App. C, Amend. 794, Reason for Amendment.  This new guidance provided as follows:

> In determining whether to apply [a mitigating role] adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i)  the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)  the degree to which the defendant participated in planning or organizing the criminal activity;

6

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. Supp. to App. C, Amend. 794; U.S.S.G. § 3B1.2 cmt. n.3(C).

Amendment 794 further explains that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.* Even if the task the defendant performs is "essential or indispensable" to the criminal activity, that fact alone "is not determinative," and the defendant's role must still be evaluated to determine "if he or she is substantially less culpable than the average participant in the criminal activity." *Id.*

In *Cruickshank*, we held that Amendment 794 was a clarifying amendment that embraced the approach that we took in *De Varon* and incorporated many of the same factors delineated in *De Varon*. *Cruickshank*, 837 F.3d at 1193–94. One of these factors—drug quantity—remains a valid consideration when conducting the "fact-intensive" inquiry into a defendant's role in the offense. *Id.* at 1194–95 ("[N]othing in *De Varon* or Amendment 794 precludes a district court from

considering the drug quantity with which the defendant was involved as an indicator of his role."). However, Amendment 794 clarified that drug quantity is not dispositive as to a defendant's role in the offense, so it is legal error for a sentencing court to rely on drug quantity as "the *only* factor to be considered." *Id.* at 1195 (emphasis in original); *see id.* ("Amendment 794 clarified that a defendant could be considered for a minor-role adjustment in many circumstances, none of which turn on drug quantity."). Rather, drug quantity is one factor to be considered among others based on the "totality of the circumstances."[1] *Id.*

Palma-Meza maintains that the district court erroneously applied several categorical rules—based on drug quantity, the small crew size, and his intelligence, education, and occupational history—when evaluating his eligibility for a minor-role reduction. The upshot of the court's ruling, Palma-Meza contends, is that defendants convicted of transporting large quantities of drugs on the high seas are *per se* ineligible for a minor-role reduction, which he asserts is inconsistent with the guidelines and this Court's precedent. We are not persuaded.

The district court did not clearly err in denying Palma-Meza a minor-role reduction under U.S.S.G. § 3B1.2(b). Nothing in the record indicates that the court

---

[1] In *Cruickshank*, we addressed *De Varon*'s suggestion that drug quantity may be dispositive in an "extreme case" by explaining that, in certain circumstances, drug quantity may be more indicative of a defendant's role in the offense. *Id.* at 1195 n.1. For instance, in *De Varon*, the drug-courier defendant had swallowed the contraband to transport it, and, thus, "the amount [of drugs] in her possession was actually on her person and perhaps was more likely to be indicative of her relative role in the offense." *Id.*

misapplied a rule of law by treating any one factor as dispositive.  *See Cruickshank*, 837 F.3d at 1192.  Rather, the court permissibly considered the quantity of drugs involved, the small crew size, and Palma-Meza's intelligence, education, and occupation assets as factors relevant to the "fact-intensive" inquiry into his role in the offense.  *See id.* at 1194–95.  As for drug quantity, the court simply noted that the quantity of cocaine involved—480 kilograms of cocaine, valued at over $17 million—was "not insignificant."  Regarding the small crew size, the court found that, "in this situation . . . on board that vessel," Palma-Meza's role was not meaningfully distinct from the other two crewmembers.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C)(iv).  The court's phrasing suggests that the court was focused on the specific facts of the case and did not apply a categorical rule.  And the court's statements regarding Palma-Meza's intelligence and work history are relevant to assessing his understanding of the scope and structure of the criminal activity.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C)(i).  Accordingly, the district court did not commit legal error by relying solely on any one factor.

Because Palma-Meza has not shown that the district court misapplied a rule of law in ruling on his request for a § 3B1.2(b) minor-role reduction, he must instead show that the record does not support the court's finding that he was not a minor participant in the criminal activity.  *Cruickshank*, 837 F.3d at 1192.  We are

not left with a definite and firm conviction that the court made a mistake in evaluating Palma-Meza's role under the totality of the circumstances. *See id.*

Palma-Meza's main contention is that he was less culpable than the other two crewmembers on the go-fast boat.[2] *See De Varon*, 175 F.3d at 944–45 (stating that the court should "measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct"). The record, however, supports the district court's contrary finding that his role in the criminal activity was largely similar to the other two participants. Although the master and the load guard had duties in addition to Palma-Meza's, the evidence supports the court's finding that Palma-Meza was in a position to do most of the duties on board the vessel. For instance, all three crewmembers took turns driving the vessel and changing the fuel lines, and all three crewmembers helped jettison the cocaine when authorities approached. Moreover, even if Palma-Meza was less culpable than the other two crewmembers, he is not automatically entitled to a role reduction. As we said in *De Varon*, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be

---

[2] Because Palma-Meza's guideline range was calculated using only the amount of drugs found on the boat on which he served as a crewmember, he did not have a minor role compared to the relevant conduct for which he was held accountable. *See De Varon*, 175 F.3d at 940–41 (explaining the district court must "measure the defendant's role" against all of the relevant conduct that was attributed to him, as "some defendants may be held accountable for conduct that is much broader than their specific acts," such as in a conspiracy).

dispositive of role in the offense, since it is possible that none are minor or minimal participants." *Id.* at 944.

Palma-Meza bore the burden of establishing his minor role in the offense, and, based on the record as a whole, we cannot say that the court clearly erred in finding that Palma-Meza failed to meet his burden. *See Cruickshank*, 837 F.3d at 1192. Accordingly, we **AFFIRM** the denial of a minor-role reduction under § 3B1.2(b).